IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

ELTON B. SMITH, JR.                                                    PLAINTIFF

VS.                          NO. CV-2016- 689

E&S CONTRACTING, INC., COASTAL DRILLING
EAST, LLC, and MARK MCDANIELS
                                                                       DEFENDANTS

## COMPLAINT AT LAW

Come plaintiff, Elton B. Smith, Jr., and for his cause of action against defendants, E&S Contracting, Inc., Coastal Drilling East, LLC, and Mark McDaniels, states:

1. Plaintiff is an individual currently residing in Benton County, Arkansas.

2. Defendant, E&S Contracting, Inc., ("E&S"), is a foreign corporation with its principal office and place of business located at Route 1, Wyatt Road, Shinneston, West Virginia, 26431. Its agent for service and its president, Stephen Moore, is at such address.

3. Defendant, Coastal Drilling East, LLC, ("Coastal Drilling"), is a foreign company with its principal office and place of business located at 130 Meadow Ridge Road, Mount Morris, Pennsylvania. Its resident agent for service is the Corporation Service Company, 300 S. Spring Street, Little Rock, Arkansas 72201.

4. Defendant, Mark McDaniels, ("McDaniels"), is an individual residing at 607 W. Main, Grafton, West Virginia.

5. As this is a personal injury action, the collision from which the cause of action arose occurred in Crittenden County,

Arkansas, and as the tortious injury was caused by acts in this state, this Court has jurisdiction and venue properly lies in this county.

6. On December 4, 2015, at approximately 10:46 p.m., plaintiff was a passenger in a vehicle being operated by Jerry Mross traveling in a westbound direction on U.S. Highway 64 near Earle in Crittenden County, Arkansas; that at the same date, time, and place, McDaniels was operating a 2004 Kenworth tractor-trailer truck owned by, and bearing the logo of, E&S in an eastbound direction on U.S. Highway 64 hauling a large drilling rig owned by, and loaded on the trailer by Coastal Drilling; that at such date, time and place, an unsecured arm of the drilling rig swung out into the oncoming lane of traffic and struck the vehicle in which plaintiff was riding, essentially taking the top of the vehicle off, and proximately causing the collision, injuries, and damages to plaintiff described herein.

7. At the above-stated date, time, and place, McDaniels was employed by, and acting within the scope of his employment with, E&S, and the negligence and other conduct of McDaniels in proximately causing the described collision, injuries, and damages is imputed to E&S.

8. E&S, at all times pertinent hereto as well as at the above-stated date, time, and place, was engaged in the business of a motor carrier engaged in interstate commerce operating commercial vehicles on the highways of the United States and the State of Arkansas, including the tractor-trailer operated by McDaniels, owned by, and

bearing the logo of, E&S at the date, time, and place of the aforementioned collision.

9. Employees of Coastal Drilling were involved in loading and securing the rig being transported by McDaniels and E&S at the time of the collision; that such employees of Coastal Drilling were acting within the scope of their employment with Coastal Drilling at such time, and the negligence and other conduct of its employees proximately causing the described collision, and plaintiff's injuries and damages, is imputed to Coastal Drilling.

10. That McDaniels and E&S were guilty of negligence and other conduct which was a proximate cause of the collision described above and of the injuries and damages to plaintiff, such negligence and other conduct being hereinafter described in the following particulars:

(a) failing to yield the right-of-way to the oncoming vehicle in which Plaintiff was riding;

(b) failing to maintain a proper lookout;

(c) failing to keep the vehicle and its load under proper control;

(d) failing to properly inspect and secure the load, including the movable arm of the rig, for transport, prior to transport;

(e) failing to inspect the load during transport to verify it was properly secured at all times during transport;

(f) failing to insert the pin necessary to secure the movable arm of the drilling rig for transport; and

(g) operating such vehicle and hauling its load in violation of the following federal regulations:

(1) 49 C.F.R. 392.9(a)(1) requiring proper securement of the load of a commercial motor vehicle prior to operation;

(2) 49 C.F.R. 392.9(b) requiring the driver of a commercial motor vehicle to make sure the requirements of 49 C.F.R. 392.9(a) have been complied with before operation;

(3) 49 C.F.R. 392.9(b)(2) requiring the driver to inspect the load and devices used to secure the load within the first 50 miles of the trip and make necessary adjustments to ensure the safe transport of the cargo;

(4) 49 C.F.R. 392.9(b)(3) requiring the driver to periodically re-inspect the cargo and securement devices and to make necessary adjustments to ensure the safe transport of the cargo;

(5) 49 C.F.R. 393.106 requiring cargo to be firmly immobilized or secured prior to transport;

(6) 49 C.F.R. 393.130 requiring equipment and movable parts to be properly secured prior to and during transport; and

(7) 49 C.F.R. 396.7 forbidding unsafe operation of a commercial motor vehicle; and

(g) was otherwise negligent.

11. That Coastal Drilling was guilty of negligence and other conduct which was a proximate cause of the collision described above, and of the injuries and damages to Plaintiff, such negligence and

other conduct being hereinafter described in the following particulars:

(a) failing to properly load the rig for transport;

(b) failing to properly secure the rig and movable components thereof for transport;

(c) failing to insert the pin necessary to secure the movable arm of the drilling rig for transport; and

(d) by violating the following federal regulations:

(1) 49 C.F.R. 392.9(a)(1) requiring proper securement of load of a commercial motor vehicle prior to operation;

(2) 49 C.F.R. 393.106 requiring cargo to be firmly immobilized or secured prior to transport;

(3) 49 C.F.R. 393.130 requiring equipment and movable parts to be properly secured prior to and during transport; and

(4) 49 C.F.R. 396.7 forbidding unsafe operation of a commercial motor vehicle; and

(e) was otherwise negligent.

12. As a direct and proximate result of the negligence and fault of defendants as foresaid, plaintiff suffered serious injuries to his person, some of which are permanent, including, but not limited to, injuries to his right shoulder, back, neck, head and face, as well as the aggravation of a pre-existing back injury and aggravation of pre-existing psychiatric conditions, among other things; that said plaintiff has incurred considerable medical and related expenses to date and will incur additional medical and related expenses in the

future; that plaintiff has suffered permanent injury and impairment; that plaintiff has undergone tremendous pain, suffering and mental anguish, and will undergo pain, suffering and mental anguish in the future, all to said plaintiff's damage in an amount in excess of that required for federal court diversity jurisdiction, with the amounts thereof to be determined by the trier of fact, for which said plaintiff is entitled to judgment against defendants.

13. That defendants knew or ought to have known, in light of the surrounding circumstances, that their conduct in leaving the movable drilling arm unsecured by insertion of the readily visible pin necessary to secure such prior to the transport of such cross country on an extended journey would naturally and probably result in injury, and that such conduct was continued in reckless disregard of the consequences from which malice may be inferred, entitling plaintiff to punitive damages from defendants in an amount in excess of that required for federal court diversity jurisdiction with the amount thereof to be determined by the trier of fact, from which plaintiff is entitled to judgment against defendants.

14. That a jury trial of all issues is demanded.

WHEREFORE, Plaintiff Elton B. Smith Jr., prays for judgment against Defendants E&S Contracting, Inc., Coastal Drilling East, LLC, and Mark McDaniels; for recovery of both compensatory and punitive damages in excess of that required for federal court diversity jurisdiction, with the amounts thereof to be determined by the trier

of fact; for a jury trial of all issues; for his costs herein expended; and for all other proper relief.

                            ELTON B. SMITH, JR., PLAINTIFF

By: _____
    Noyl Houston, P.A. #78075
    Attorney for Plaintiff
    P.O. Box 3076
    Jonesboro, AR  72403
    (870) 935-3730